# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-cr-00013-TWP-VTW |
| | ) | |
| SEVON EDWIN THOMAS, | ) | -01 |
| | ) | |
| Defendant. | ) | |

## ORDER ON DEFENDANT'S MOTION TO SUPPRESS

This matter is before the Court on Defendant Sevon Thomas' ("Thomas") Motion to Find Unconstitutional the Stop, Seizure, Search and Arrest of Sevon Thomas and to Subsequently Suppress the Fruits of the Poisonous Tree, (Filing No. 60). Thomas is charged with violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), possession with intent to distribute methamphetamine, and 18 U.S.C. § 924(c)(1)(A)(i), possession of a firearm in furtherance of a drug trafficking crime. The jury trial in this matter is scheduled to begin on Monday, January 14, 2019. Thomas asserts the challenged stop, seizure and search of his person violated his Fourth, Fifth, Sixth and Fourteenth Amendment rights, justifying suppression of the evidence. For the following reasons, Thomas' motion is **DENIED**.

## I. FINDINGS OF FACT

Thomas asked the Court to conduct an evidentiary hearing pursuant to Rule 12 of the Federal Rules of Criminal Procedure and thereafter suppress the illegally obtained evidence. However, Thomas is not entitled to a hearing on his Motion to Suppress because a hearing is not required unless the movant demonstrates a significant factual dispute that must be resolved. *United States v. Sophie*, 900 F.2d 1064, 1071 (7th Cir. 1990); *see also United States v. Moreland*, 703

F.3d 976, 981–82 (7th Cir. 2012) (defendants' request for evidentiary hearing "properly refused because they were unable to specify any assertion in the government's affidavits that they could contest with evidence"). Thomas raised no disputed issues of material fact and has not challenged the accuracy of the information articulated by law enforcement. There are no factual disputes to be resolved regarding the Motion to Suppress, so no evidentiary hearing is necessary.

On July 20, 2017, law enforcement conducted a traffic stop of an individual ("CHS1") and located crystal methamphetamine in CHS1's vehicle. CHS1 admitted to being involved in distributing methamphetamine in Southern Indiana. CHS1 further admitted to having three drug suppliers for multiple ounces of methamphetamine and identified Thomas as one of those sources.

At the time of CHS1's traffic stop, a second individual ("CHS2") was in the vehicle with CHS1. CHS2 also admitted to being involved in distributing methamphetamine in Southern Indiana. CHS2 corroborated CHS1's statement regarding three drug suppliers for multiple ounces of methamphetamine, including Thomas as one of those sources. CHS2 reported being present on at least five occasions during the previous six-month period where Thomas delivered multiple ounce quantities of methamphetamine to CHS1. CHS2 described Thomas and stated that Thomas drove a black Chevrolet Impala with Kentucky license plates when he delivered methamphetamine to CHS1 and CHS2. CHS2 also reported that Thomas delivered methamphetamine to CHS2 and CHS1 at locations in Louisville, Kentucky, and in Southern Indiana.

Later that same day—July 20, 2017—under the direction and supervision of law enforcement, CHS1 called Thomas on his cell phone and arranged to purchase approximately six ounces of methamphetamine at a location in Georgetown, Indiana. The phone call was recorded. Thomas agreed to provide CHS1 approximately six ounces of methamphetamine, and he would deliver the methamphetamine to CHS1 at a McDonald's in Georgetown, Indiana, if CHS1 could

get transportation to that location. CHS1 then placed a second recorded telephone call to Thomas' cell phone to confirm the meeting location. Thomas again answered the phone, and they agreed to meet at the McDonald's in Georgetown in approximately thirty minutes. They agreed that Thomas would charge CHS1 $450.00 per ounce for the methamphetamine.

Law enforcement officers began surveillance near the McDonald's in Georgetown. Law enforcement and CHS1 were in a vehicle together, and they observed the scene from a distance so that CHS1 could identify Thomas' vehicle for law enforcement when it arrived. CHS1 and CHS2 had reported earlier that Thomas' vehicle was a black Chevrolet Impala with Kentucky license plates. During the surveillance, officers observed a black Chevrolet Impala in the drive-thru lane at the McDonald's. CHS1 positively identified Thomas in the vehicle as the individual who would be bringing the methamphetamine. The law enforcement officers then conducted an investigative stop on Thomas' vehicle and detained Thomas at the McDonald's for further investigation. Thomas was placed inside a Harrison County Sherriff's vehicle and transported across the street to an adjacent parking lot.

An officer conducted a systematic search of Thomas' car with K-9 "Bob," a certified narcotic detection dog. During the search, "Bob" indicated on both the front and rear door seams of Thomas' vehicle. After the positive alert, "Bob" was released inside the vehicle. During the K-9 search of the interior of the vehicle, "Bob" indicated to presence of a controlled substance inside the vehicle on the passenger side floorboard area and on the driver side door panel. After the positive K-9 alert, law enforcement officers searched Thomas' vehicle. During the interior search of the vehicle when an officer opened the glovebox, white latex gloves containing three clear plastic baggies containing a crystal-like substance suspected to be methamphetamine and two firearms fell from the glovebox onto the floorboard of the vehicle. Thomas was arrested following

3

the search and seizure of the drugs and firearms. Thereafter, he was indicted on August 16, 2017 by a federal grand jury for Count One, Possession with Intent to Distribute Methamphetamine and Count Two, Possession of a Firearm in Furtherance of a Drug Trafficking Crime. ([Filing No. 12](#).) On December 21, 2018 a Superseding Indictment was filed. ([Filing No. 69](#).)

## II. DISCUSSION AND CONCLUSIONS OF LAW

Thomas moves to suppress all evidence recovered by the Government following the illegal stop, seizure, arrest, and search of his person at the restaurant in Georgetown, Indiana.

Thomas asserts,

> The initial stop of the defendant by Indiana State Police on 06.20.17 was illegal because there was no reasonable suspicion, probable cause, or judicial warrant to detain, seize, arrest or search him. The defendant at the time was traveling in a 2013 black Chevrolet Impala. Following the illegal stop, seizure, search and arrest of Mr. Thomas, agents of the government now seek to introduce into evidence two (2) handguns (Ruger, Model P90DC, Serial Number: 66208758 and Taurua, Model PT940, Serial number SRJ79311), a LG and ZTE cell phone, methamphetamine and heroin.

([Filing No. 60 at 1](#).)

He argues that regardless of his whereabouts or with whom he was associating, he had the right to be free from any unconstitutional governmental intrusion. He notes that the Government has the burden to establish sufficient justification for a warrantless search or seizure. *See Vale v. Louisiana*, 399 U.S. 30, 34 (1970). Thomas argues that any search, seizure, investigative stop, or other governmental intrusion during the investigation of this case lacked the required foundation of probable cause or reasonable suspicion and was therefore unreasonable under the Fourth and Fourteenth Amendments. He asserts that evidence observed or seized during any search following the arrest, stop, or seizure should be suppressed as the "fruit of the poisonous tree." *Brown v. Illinois*, 422 U.S. 590 (1975); *Dunaway v. New York*, 442 U.S. 200 (1979).

4

The Government responds that law enforcement officers had probable cause to stop and detain Thomas, and their subsequent search of his vehicle was permissible. Based on the undisputed facts, the Government argues that the law enforcement officers had probable cause to stop and detain Thomas and to search his vehicle.

The Government asserts that CHS1 and CHS2 each identified Thomas as someone who previously had dealt methamphetamine to CHS1 on multiple occasions. Law enforcement officers were able to corroborate the information given by CHS1 and CHS2 through the two controlled phone calls during which Thomas indicated he could distribute methamphetamine to CHS1 in Georgetown, Indiana. Thomas also informed CHS1 during the controlled call the type of vehicle he would be driving and that he would arrive in approximately thirty minutes.

The Government argues that when Thomas arrived approximately thirty minutes later in the same type of vehicle identified earlier by CHS1 and CHS2, and CHS1 positively identified Thomas, law enforcement officers had probable cause to believe that there would be controlled substances found in Thomas' vehicle. Where police have probable cause to believe that an automobile contains contraband, the Fourth Amendment does not require them to obtain a search warrant prior to conducting a search. *Carroll v. United States*, 267 U.S. 132 (1925). "A vehicle may be stopped and searched without a warrant if there is probable cause to believe the vehicle contains contraband or other evidence of illegal activity." *United States v. Seymour*, 519 F.3d 700, 713 (7th Cir. 2008). *See also United States v. Reaves*, 796 F.3d 738, 742 (7th Cir. 2015) (warrantless search was permissible because probable cause under automobile exception existed where defendant was under investigation for drug trafficking, informant supported that suspicion, and informant's reliability was confirmed by unfolding events). The Government argues that probable cause supported each step of the search and seizure.

The Court looks at the "totality of the circumstances" to determine whether probable cause exists, both with respect to the informant's veracity and reliability and as a basis for the information as well as with respect to the degree the information or tip has been corroborated. *Edwards v. Cabrera*, 58 F.3d 290, 293 (7th Cir. 1995) (citing *Illinois v. Gates*, 462 U.S. 213, 238–45 (1983)).

In *Carroll*, 267 U.S. at 158–59, the Supreme Court held that a search of an automobile without a warrant was permissible if the police had probable cause to believe that evidence of a crime was present in the vehicle and exigent circumstances existed to believe that the vehicle would be removed from the area. The Supreme Court has since moved away from a strict application of the exigent circumstances requirement for warrantless vehicle searches and rather has emphasized that "pervasive schemes of regulation, which necessarily lead to reduced expectations of privacy, and the exigencies attendant to ready mobility justify searches without prior recourse to the authority of a magistrate so long as the overriding standard of probable cause is met." *California v. Carney*, 471 U.S. 386, 392 (1985).

Even more recently, the Supreme Court has held,

> Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search *or it is reasonable to believe the vehicle contains evidence of the offense of arrest*. When these justifications are absent, a search of an arrestee's vehicle will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies.

*Arizona v. Gant*, 556 U.S. 332, 351 (2009) (emphasis added).

Looking at the totality of the circumstances in this case, the Court finds that law enforcement officers had probable cause to believe that Thomas had arrived at the McDonald's in Georgetown to distribute methamphetamine and would therefore have methamphetamine in his vehicle. Two informants identified Thomas as someone who previously had dealt methamphetamine to them on multiple occasions. Law enforcement officers then corroborate the

6

information given by the informants through the two controlled phone calls during which Thomas indicated he could provide methamphetamine to one of the informants at a McDonald's in Georgetown. Thomas indicated during the phone call that he would arrive in approximately thirty minutes. The informants identified Thomas' vehicle both before Thomas arrived at the McDonald's as well as after he arrived at the scene. Thomas arrived approximately thirty minutes after the phone call in the same type of vehicle previously identified by the informants. The informant positively identified Thomas when he was at the McDonald's.

Thomas was suspected of drug trafficking and the information provided by the informants supported that suspicion. The informants' reliability and the information provided by them was confirmed and corroborated by the unfolding events. It was reasonable for the law enforcement officers to believe that Thomas' vehicle contained evidence of the offense of arrest—possession with intent to distribute methamphetamine. The positive alerts by the drug detection dog during the free air sniff around the vehicle further strengthened the probable cause that the officers already had. *See Illinois v. Caballes*, 543 U.S. 405 (2005). Therefore, the Court determines that, based upon the totality of the circumstances, probable cause supported each step of the search and seizure. The warrantless search in this case did not violate Thomas' constitutional rights. Thus, the evidence found and seized is not "fruit of a poisonous tree," and Thomas' Motion to Suppress ([Filing No. 60](Filing No. 60)) is **DENIED**.

    **SO ORDERED.**

Date: 12/28/2018

*[Signature: Tanya Walton Pratt]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Brendan Joseph McLeod
McLEOD LAW OFFICE
kycrimlaw@gmail.com

Lauren Wheatley
UNITED STATES ATTORNEY'S OFFICE
lauren.wheatley@usdoj.gov