# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:17-cr-00013-TWP-VTW |
| SEVON EDWIN THOMAS, | ) ) ) |
| Defendant. | ) |

## ENTRY ON THE PARTIES' PENDING MOTIONS AND DEFENDANT'S OBJECTIONS TO THE GOVERNMENT'S EXHIBIT LIST

This matter is before the Court on two Motions in *Limine* filed by the United States of America (the "Government") ([Filing No. 81](); [Filing No. 82]()) and a Reverse 404(b) Notice of United States Witnesses Mr. and Mrs. Woosley and Objection to the United States Bringing in any Prior Bad Acts and Especially Uncharged Heroin filed by Defendant Sevon Thomas ("Thomas") ([Filing No. 83](); [Filing No. 84]()). Neither party filed response briefs to the pending motions. Also, before the Court is Thomas' Objections to Government's Exhibit List ([Filing No. 67]()). For the reasons stated below the Government's Motions *in Limine* are **granted in part and denied in part**, Thomas' Motion regarding 404(b) evidence is **granted**, and Thomas' Objections are **sustained** or **taken under advisement**.

## I. DISCUSSION

Thomas is charged with Count 1: Possession with Intent to Distribute Methamphetamine and Count 2: Possession of a Firearm in Furtherance of a Drug Trafficking Crime. The jury trial in this matter is scheduled to begin on Monday, January 14, 2019.

A.     **Government's First Motion in *Limine***

The Court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial, so questions of foundation, relevancy, and prejudice may be resolved in context. *Id*. at 1400–01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id*. at 1401.

The Government intends to offer the following evidence at trial. On July 20, 2017, law enforcement conducted a traffic stop of a vehicle occupied by Lyndal Woosley ("Mr. Woosley") and Lauren Woosley ("Mrs. Woosley"). Crystal methamphetamine was in the vehicle. Both Mr. and Mrs. Woosley admitted to being involved in distributing methamphetamine in Southern Indiana and admitted to having three drug suppliers for multiple ounces of methamphetamine. They identified Thomas as one of those sources.

The Government intends to call Mr. and Mrs. Woosley as witnesses in its case in chief. Thomas' counsel represented at the final pretrial conference that Mr. Woosley sold a gun to Thomas, and he would elicit testimony about this fact during the testimony of Thomas' fiancé. In its first Motion in *Limine* ([Filing No. 81](Filing No. 81)), the Government asks the Court to order Thomas not to make any statement about the alleged misconduct of Mr. Woosley that is not in evidence unless Thomas first proffers evidence at a sidebar showing a good faith basis that the conduct occurred and that the alleged misconduct involves Mr. Woosley's truthfulness.

Federal Rule of Evidence 608(b) states:

> Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or

2

support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:

    (1) the witness; or

    (2) another witness whose character the witness being cross-examined has testified about.

The Government argues,

> Any testimony regarding this is "extrinsic" character evidence and is inadmissible. The issue is whether the "specific instance" cast doubt on the witness' reliability to tell the truth. *See United States v. Abair*, 746 F.3d 260, 263 (7th Cir. 2014). Obviously, the alleged selling of a firearm has nothing to do with truthfulness. It is also unclear how this act bears on Woolsey's [sic] character for telling the truth.

(Filing No. 81 at 2.)

Thomas did not directly respond to this Motion in *Limine*; however, in his Reverse 404(b) Notice (Filing No. 83), Thomas explains that he does not intend to introduce evidence of the sale of a firearm as "extrinsic evidence" to impeach Mr. Woosley. Rather, he plans to introduce this evidence for other permissible purposes—motive, intent, bias, modus operandum. Because these are permissible reasons for the introduction of evidence concerning the sale of a firearm, the Court **denies** the Government's first Motion in *Limine* (Filing No. 81).

**B.**     <u>**Government's Second Motion in *Limine***</u>

In its second Motion in *Limine* (Filing No. 82), the Government asks the Court for a preliminary order regarding impeaching witnesses using prior convictions. Federal Rule of Evidence 609(a) states:

The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:

    (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:

3

> (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
>
> (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
>
> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting— a dishonest act or false statement.

Rule 609(b) provides a general rule of a ten-year period from the time of conviction or release from confinement in which to use the conviction as impeachment evidence.

The Government explains that it intends to call both Mr. and Mrs. Woosley in its case-in-chief, and each of these individuals has prior convictions that would qualify for impeachment purposes. However, they also have other arrests or convictions that would not qualify for impeachment purposes because of the limitations in Rule 609(a) and (b). The Government does not provide any particular arrests or convictions that would not qualify for impeachment purposes, and Thomas failed to respond in opposition to this Motion in *Limine*. Therefore, the Court **grants** this Motion in *Limine* ([Filing No. 82](#)) to the extent that it requests that the parties adhere to Federal Rule of Evidence 609 when presenting evidence concerning witnesses' prior convictions for impeachment purposes.

C.      **Thomas' Motion in *Limine***

In his Reverse 404(b) Notice of United States Witnesses Mr. and Mrs. Woosley ([Filing No. 83](#)), Thomas seeks to offer evidence that Mr. and Mrs. Woosley sold him a stolen firearm and other items over the past year. He alleges that Mr. Woosley also entered an agreement with Thomas approximately a year ago to sell a truck to Thomas. However, Thomas still does not have good title to the truck, and there is news media that reports Mr. Woosley engages in questionable

business practices selling vehicles. Thus, Thomas contends that there are "personal issues" between Thomas and Mr. Woosley.

Thomas argues that Rule 404(b) allows evidence of "a crime, wrong, or other act," not to prove conforming character, but rather to show "another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Thomas explains that he will raise a defense of entrapment, so he intends to offer evidence of Mr. and Mrs. Woosley's other bad acts to show their motive and intent for entrapping him. He asserts that this evidence will also show bias and modus operandum of Mr. Woosley in his questionable daily affairs. The Government offered no response in opposition.

At this pretrial stage of the litigation, the Court makes a preliminary ruling that Thomas may offer evidence of Mr. Woosley's and Mrs. Woosley's other bad acts for purposes that are permissible under Rule 404(b), such as motive, intent, bias, and modus operandum. Thus, treating the Notice as a motion in *limine* ([Filing No. 83](Filing No. 83)) is **granted**.

**D.** **Thomas' Objection to the United States Bringing in any Prior Bad Acts and Especially Uncharged Heroin**

During the interior search of the vehicle driven by Thomas, white latex gloves containing three clear plastic baggies containing a crystal-like substance suspected to be methamphetamine were found and two firearms fell from the glovebox onto the floorboard of the vehicle. Heroin was also seized.

In his Objection ([Filing No. 84](Filing No. 84)), Thomas argues that the Court should exclude evidence of any of his prior bad acts, especially concerning possession of heroin, which was not charged as an offense in this case. He asserts that this case is about methamphetamine, and the mention of heroin is totally irrelevant to the charged offense of trafficking methamphetamine. He argues that the only plausible reason to mention heroin is to attack Thomas' character, especially in light of the

5

unduly prejudicial nature of heroin because of its negative impact on Southern Indiana. Thomas asserts that mentioning heroin is unduly and highly prejudicial, completely irrelevant, and thus, the Government should be prohibited from introducing evidence of heroin seized during his arrest.

The Government did not respond to Thomas' objection regarding admissibility of the heroin. The Court concludes that mentioning or introducing evidence of heroin (which is not a charged offense in this matter) is unduly prejudicial, and without argument from the Government, the Court fails to see the relevance of any heroin. Therefore, the Court **sustains** Thomas' Objection ([Filing No. 84](#)). If the Government believes the heroin is relevant and its probative value outweighs its prejudicial effect, the Government may present such argument to the Court outside the presence of the jury, at which time the Court can reconsider the admissibility of this evidence.

**E.    Thomas' Objections to Government's Exhibit List**

Thomas filed Objections to the Government's Exhibit List ([Filing No. 67](#)) and asserted that he objects to the introduction of heroin for the same reasons stated in [Filing No. 84](#). Because the Court sustained the objection, the Court again **sustains** Thomas' objection to the introduction of heroin.

Additionally, Thomas objects to the "introduction of a Notebook. The notebook contains hearsay for which no exception exists under the Rules of Evidence. (really [sic] addressing not so much an objection regarding an exhibit for trial, but sending it back with the jury during deliberation.)" ([Filing No. 67 at 1](#).) The Government did not respond to this objection. Without more facts or argument, the Court is not in a position to determine whether this evidence clearly is not admissible for any purpose. Therefore, ruling on this objection is taken under advisement and must be deferred until trial so that questions of admissibility, foundation, relevancy, and prejudice may be resolved in context.

Thomas also explains:

Furthermore, with an eye to trial, the defendant Sevon Thomas, through counsel Brendan McLeod, accepts the government's offer to stipulate in regards [sic] to the following;

    1. Interstate commerce and functionality of firearms; and

    2. Drug analysis.

([Filing No. 67 at 2](#).) This objection is not the proper procedural mechanism to stipulate to facts for trial. Therefore, the Court directs the parties to confer regarding factual stipulations for trial and to file an appropriate stipulation.

## II. CONCLUSION

An order in *limine* is not a final, appealable order. If a party believes that evidence excluded by this Entry becomes relevant or otherwise admissible during the trial, counsel may approach the bench and request a hearing outside the presence of the jury. Likewise, if a party believes that specific evidence is inadmissible during the trial, counsel may raise specific objections to that evidence.

For the reasons stated in this Entry, the Government's Motion in *Limine* ([Filing No. 81](#)) is **DENIED**, and the Government's Motion in *Limine* ([Filing No. 82](#)) is **GRANTED**. Thomas' Reverse 404(b) Notice of United States Witnesses Mr. and Mrs. Woosley ([Filing No. 83](#)), treated as a motion *in limine* is **GRANTED**. Thomas' Objection to the United States Bringing in any Prior Bad Acts and Especially Uncharged Heroin, ([Filing No. 84](#)) is **SUSTAINED**. Thomas' Objection to the Government's Exhibit List ([Filing No. 67](#)) is **SUSTAINED** as to the heroin and **TAKEN UNDER ADVISEMENT** as to the notebook.

The parties are directed to file in a separate document any stipulations they may have regarding factual evidence.

7

**SO ORDERED.**

Date: 1/9/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Brendan Joseph McLeod
McLEOD LAW OFFICE
kycrimlaw@gmail.com

Lauren Wheatley
UNITED STATES ATTORNEY'S OFFICE
lauren.wheatley@usdoj.gov