UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| UNITED STATES OF AMERICA | Case No. 4:17-cr-13-TWP-VTW-01 |
|---|---|
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| SEVON EDWIN THOMAS | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction

in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided

in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. 4:17-cr-00013-TWP-VTW-1 |
| | ) |
| SEVON EDWIN THOMAS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on Defendant Sevon Edwin Thomas' ("Thomas") Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons explained below, Thomas' motion is **denied**.

## I.  BACKGROUND

In 2019, following a jury trial, Thomas was convicted of: (1) Possession with Intent to Distribute 50 Grams or More of Methamphetamine (Actual), in violation of 21 U.S.C. § 841(a)(1), and (2) Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c) (Dkt. 145).  As stated in the presentence investigation report and presented at trial, Thomas distributed multiple ounce quantities of methamphetamine in the Southern District of Indiana.  (Dkt. 131 at 5.)  When he was arrested, his vehicle was searched, and law enforcement officers found 160.7 grams of actual methamphetamine and two loaded firearms, one of which had been reported as stolen. *Id.* Thomas was sentenced to an aggregate term of 180 months in prison, representing 120 months for the drug count and a consecutive 60 months imprisonment for the firearm count.  (Dkt. 145 at 2.)  This sentence represented the mandatory minimum sentence. *See* 21 U.S.C. 841(b)(1)(A)(viii) (effective Dec. 21, 2018) (mandating minimum sentence of 120 months for conviction involving 50 grams or more of actual methamphetamine); 18 U.S.C.

2

§§ 924(a)(4), (c)(1)(A)(i) (effective Dec. 21, 2018 to June 24, 2022) (mandating minimum sentence of 60 months, which must be consecutive to any other sentence). According to the Bureau of Prisons' ("BOP") website, Thomas' anticipated release date (with good conduct time included) is October 8, 2031.  *See* https://www.bop.gov/inmateloc/ (last visited Aug. 9, 2022).

Thomas filed a *pro se* Motion for Compassionate Release on January 15, 2021, in which he requested appointment of an attorney.  (Dkt. 179.)  The Court appointed counsel to represent him, (Dkt. 180), and counsel filed a supporting memorandum on his behalf on June 10, 2021.  (Dkt. 186.)  In the supporting memorandum, Thomas argued that extraordinary and compelling reasons supported his release under § 3582(c)(1)(A)(i) because his mother was gravely ill (with conditions including COPD, congestive heart failure, and breast and lung cancer) and she needed a long-term caregiver and because his two nephews ages 17 and 12 (for whom his mother serves as permanent guardian) needed a caretaker as his mother received chemotherapy treatment.  *Id.*  Thomas also argued that he would not present a danger to the community if released and that the sentencing factors in 18 U.S.C. § 3553(a) weighed in favor of release.  *Id.*

The Government responded in opposition, arguing that Thomas had not shown extraordinary and compelling reasons for release because he had not shown that he was the only available caregiver for his mother and nephews.  (Dkt. 188.)  The Government also argued that Thomas would be a danger to the community if released and that the § 3553(a) factors did not weigh in favor of release.  *Id.*

Thomas' counsel did not file a timely reply, but Thomas submitted a *pro se* reply on February 11, 2022, (Dkt. 196), which the Court has considered.  In his *pro se* reply, Thomas added a new potential extraordinary and compelling reason for release: the risk he faces from COVID-19.  *Id.*  After Thomas filed his *pro se* reply, his mother contacted the Court and spoke to the

Courtroom Deputy Clerk.  She communicated that she is dying and sometimes missed medical appointments because she has no one to take her to the appointments.  She also communicated that she is currently caring for only one of her grandchildren—Thomas' now-13-year-old nephew—and that there will be no one to care for the child when she dies.

Thomas' motion for compassionate release is now ripe for review.

## II.  <u>DISCUSSION</u>

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c).  Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute.  *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020).  The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

First, Thomas contends that extraordinary and compelling reasons warrant release because he suffers from at least one medical condition (hypertension) that could increase his risk of experiencing severe symptoms if he contracts COVID-19.  (Dkt. 196.)  Thomas is presently 41 years old.  He does not inform the Court whether he has received the COVID-19 vaccine.  And, he provides no evidence or argument suggesting that he cannot receive or benefit from the vaccine.  Thus, he cannot show extraordinary and compelling reasons warranting relief under

§ 3582(c)(1)(A) based on COVID-19 risk.  *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("A prisoner who can show that he is unable to receive or benefit from a vaccine may still turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."). To the extent that Thomas contends that the BOP has mishandled the COVID-19 pandemic or complains about conditions at his prison, such issues might form the basis for relief in a civil suit, but they are not grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022) ("[T]o the extent that Miller challenges the conditions and medical care at [the prison] more generally, a compassionate-release motion is not the right vehicle") (cleaned up).[1]

     Second, Thomas contends that extraordinary and compelling reasons warrant release because his mother is gravely ill and needs a caregiver, as does his 13-year-old nephew, for whom Thomas' mother serves as a permanent guardian.  (Dkt. 186.)[2] The Court expresses great sympathy for Thomas' mother and recognizes how difficult her situation is. The Court also applauds Thomas for his desire to care for his mother.  But many (if not most) inmates have ailing or ill parents for whom they would like to provide care.  Sadly, this situation is not extraordinary. *See United States v. Trice*, No. 1:13-cr-222-TWP-DML-1, Dkt. 114 at 5 (S.D. Ind. Aug. 4, 2020) (collecting cases about defendants requesting compassionate release to care for elderly or ill parent); *United States v. Ingram*, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) ("Many, if not all inmates, have

---

[1] Thomas also mentions that he contracted COVID-19 in January 2021 and that he is "still experiencing difficulties and battling complications from the lingering effects of COVID." (Dkt. 196-1 at 8.) But he has not presented any evidence or argument showing that he is incapacitated or unable to perform activities of daily living. Thus, to the extent that Thomas contends that his current health is a reason to release him, the Court disagrees and finds that Thomas has not carried his burden to show that his current health is an extraordinary and compelling reason to release him.

[2] As the Court understands the current situation, Thomas' older nephew is now 18 years old and no longer in the care of Thomas' mother.

aging and sick parents. Such circumstance is not extraordinary.").  As for his 13 year old nephew, again, the Court is sympathetic to the challenges that Thomas' family is facing.  But the child is not Thomas' child (nor has he shown that he has ever been named guardian for the child), and he has not adequately shown that his other family members cannot take responsibility for the child when his mother is unable to do so.[3]  As a result, the Court declines to exercise its discretion to find that Thomas' desire to care for his nephew is an extraordinary and compelling reason to release him, whether standing alone or in combination with any other factors.

Moreover, even if Thomas had shown extraordinary and compelling reasons potentially warranting relief, the Court would deny his motion because the sentencing factors in § 3553(a) weigh against release.[4]  Weighing in his favor, his conviction in this case was his first felony conviction.  (Dkt. 131.)  Thomas has maintained employment and a clear discipline record during his incarceration.  (Dkt. 186 at 12–13.)  He has also completed multiple classes and has been assigned a low security level.  *Id.* at 13.  The BOP has found that he presents a low risk of recidivism.  *Id.*  In addition, COVID-19-related lockdowns have arguably made his time in prison more difficult than it might otherwise have been and may have prevented him from enrolling in

---

[3] For example, Sean Thomas (Thomas' brother) states vaguely that he cannot care for the child because he is "preoccupied with prior obligations," "is not formally employed," does "not own any reliable transportation at this time," and is "the loving parent of (6) children." (Dkt. 186-7.) The Court recognizes that taking on responsibility for another child can be burdensome, but these statements are too vague to establish that Thomas' brother is unavailable to care for Thomas' nephew. As the Government argues, Thomas is also unavailable because he is incarcerated. On this record, the Court concludes that Thomas' brother is more available to care for the child than is Thomas.

[4] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

programs (such as the residential drug treatment program) that could earn him a time cut. *Id.* Finally, Thomas has submitted multiple letters of support, suggesting that he would have the support of family and friends if released. (Dkt. 186-7.)

But weighing against him, Thomas' crimes were serious. He distributed large amounts actual methamphetamine. As noted in the presentence investigation report, the evidence at trial showed that Thomas was not a person who was selling small amounts of methamphetamine to support his own habit. *See, e.g.*, Dkt. 131 at 10–11 (reporting no history of methamphetamine use and no current issues with substance abuse). Rather, Thomas dealt methamphetamine for a living and had two (2) loaded firearms (one of which was stolen) within reach when he was stopped by law enforcement, following a controlled buy. In addition, Thomas has served just a small fraction of his 15-year sentence, and he is not due to be released for approximately nine years. Accordingly, the Court finds that releasing Thomas now would not: reflect the seriousness of the offense; promote respect for the law; or provide just punishment for the offense. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

### III.  CONCLUSION

For the reasons stated above, Thomas' motion for compassionate release, Dkt. [179], is **DENIED**.

**SO ORDERED.**

Date: 8/9/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

7

DISTRIBUTION:


Sevon Thomas, #15877-028
USP-Yazoo City
P.O. Box 5000
Yazoo, Mississippi  39194

Leslie Wine
INDIANA FEDERAL COMMUNITY DEFENDERS, INC.
leslie_wine@fd.org

Frank E. Dahl, III
UNITED STATES ATTORNEY'S OFFICE (Evansville)
frank.dahl@usdoj.gov

Lauren Wheatley
UNITED STATES ATTORNEY'S OFFICE (Evansville)
lauren.wheatley@usdoj.gov